F I L E D
Clerk
District Court

APR 1 8 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Thomas E. Clifford
Attorney at Law
2nd Floor, Alexander Building, San Jose
P.O. Box 506514
Saipan, MP 96950
Tel. (670)235-8846
Fax (670)235-8848

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DUSTIN M. PANGELINAN, | Civil Action No. 08-00__21__ |
| Plaintiff, | |
| v. | |
| COMMONWEALTH UTILITIES CORPORATION, | COMPLAINT (brought under USERRA) |
| Defendant. | |

Plaintiff Dustin M. Pangelinan ("Mr. Pangelinan") alleges as follows:

## I.
## JURISDICTION AND PARTIES

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 in that this case arises under the federal Uniformed Services Employment and Reemployment Act ("USERRA").

2. Mr. Pangelinan is a United States citizen and a grievously wounded combat veteran of the Iraq War. At all times relevant to this lawsuit, Mr. Pangelinan was a resident of the Commonwealth of the Northern Mariana Islands.

3. Defendant Commonwealth Utilities Corporation ("CUC") is a governmental agency of the Commonwealth of the Northern Mariana Islands that may be sued in its corporate name

pursuant to 4 CMC § 8123(c).

## II.
## FACTUAL BACKGROUND

4. Mr. Pangelinan was employed by CUC from approximately October 1999 to April 2002. During this period of time, Mr. Pangelinan served as a Trades Helper in the Power Distribution Section.

5. Mr. Pangelinan left CUC to enlist in the United States Marine Corps ("USMC").

6. Mr. Pangelinan served in the USMC from on or about May 6, 2002 to on or about July 31, 2005.

7. Mr. Pangelinan was grievously wounded in action (for which he was awarded the Purple Heart) while serving in the USMC in the Iraq war. An AK-47 round entered his face and exited the back of his neck, and RPK rounds nearly blew his lower right leg off. Mr. Pangelinan remains partially disabled because of the wounds he received while serving his nation in Iraq.

8. Mr. Pangelinan recuperated from his wounds for approximately eighteen months, and then on or about January 25, 2007, he re-applied for a position at CUC. In his re-application, Mr. Pangelinan noted that his partial disability prevented him from returning as a Trades Helper, and so he requested to be re-hired in a position that he could perform.

9. On or about February 2007, CUC re-hired Mr. Pangelinan as an Engineering Technician in a different section.

10. USERRA required CUC to re-hire and pay Mr. Pangelinan at a rate that includes all pay raises and promotions that he would have had with reasonable certainty had he not left CUC

to enter the USMC.

11. Based on information and belief, CUC failed to re-hire Mr. Pangelinan at the pay rate that he would have been receiving had he not left CUC to serve in the USMC.

12. Mr. Pangelinan first apprised CUC of this defect under USERRA in February 2007. Mr. Pangelinan retained counsel to assist him in this matter in March 2007.

13. On or about March 29, 2007, Mr. Pangelinan's counsel wrote CUC to request that CUC pay Mr. Pangelinan in accordance with USERRA.

14. A series of communications between counsel for Mr. Pangelinan and counsel for CUC then ensued.

15. At one point, at the request of Mr. Pangelinan, CUC agreed that the parties would meet to discuss how similarly situated persons were being compensated in an effort to resolve the matter by agreement. However, contrary to that indication, no such meeting ever took place, and continued follow-ups by Mr. Pangelinan's counsel have been to no avail.

16. Mr. Pangelinan has now gone to the United States mainland with his family to pursue better employment.

17. He brings this lawsuit only as a last resort since CUC no longer seems willing to discuss this matter further.

### III.
### CAUSE OF ACTION: VIOLATION OF USERRA

18. Mr. Pangelinan re-alleges Paragraphs 1 through 17, inclusive, herein by reference as if set forth in full.

19. The actions of CUC, as alleged herein, constitute a violation of USERRA.

20. CUC recognizes that USERRA exists, and that it applies to Mr. Pangelinan being re-hired by CUC.

21. CUC re-hired Mr. Pangelinan, and CUC accommodated his partial disability by re-hiring him into a different type of work.

22. However, CUC merely re-hired Mr. Pangelinan into a different position, *laterally*.

23. CUC failed to re-hire Mr. Pangelinan at the rate of pay that he would have been receiving had he never left CUC to serve in the USMC, and that failure is a violation of USERRA that is compensable as set forth in that law.

24. Wherefore, Pangelinan prays for damages as set forth below.

## IV.
## PRAYER FOR RELIEF

25. Mr. Pangelinan prays for judgment as follows:

    a. For judgment to be entered in this case under USERRA against CUC and in his favor;

    b. For money damages in an amount to be proven (including the difference between what he was paid from the date of his re-hire until he left CUC to move to the mainland, on the one hand, and what he should have been paid during that timeframe under USERRA's mandates, on the other hand);

    c. For his reasonable attorney's fees, costs and disbursements incurred in this matter; and

    d. For such and other further relief as the Court deems just and proper.

Respectfully submitted this 18th day of April, 2008.

_____
Thomas E. Clifford
Attorney for Plaintiff