LAW OFFICES OF EDWARD MANIBUSAN
Edward Manibusan, Esq.
CNMI Bar No. F0131
P.O. Box 7934 SVRB
Tun Antonio Apa Road
Saipan, MP 96950
Telephone No. 235-6520
Facsimile No. 235-6522
e-mail: emlaw@pticom.com

Attorney for Defendant

F I L E D
Clerk
District Court

MAY 7 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN MARIANA ISLANDS

DUSTIN M. PANGELINAN )
    Plaintiff, )
    v. )
COMMONWEALTH UTILITIES )
CORPORATION )
    Defendant )

Civil Action No. 08-0021

DEFENDANT'S ORIGINAL ANSWER

Defendant, the Commonwealth Utilities Corporation ("CUC"), files this original answer to plaintiff Dustin M. Pangelinan's original complaint.

### A. ADMISSIONS & DENIALS

1. Defendant denies the allegation in paragraph 1 because federal courts generally lack jurisdiction over USERRA claims brought by individuals against state employers. Valadez v. Regents of the Univ. of Cal., 2005 U.S. Dist. LEXIS 21693, 10-15 (E.D. Cal. June 29, 2005).

2. Defendant admits the allegations in paragraph number 2 as to the first sentence. Defendant is without information and belief to know whether Mr. Pangelinan resided in the CNMI at all times relevant to this lawsuit.

3. Paragraph 3 does not aver fact, but states a legal conclusion or contention, and to the extent a response is required, Defendant admits the allegations in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

5. Defendant admits the allegations in paragraph 5.

6. Defendant admits the allegations in paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation as far as the actual injuries and Mr. Pangelinan's current health status but admits that he was awarded the Purple Heart while serving in USMC in Iraq.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 8 insofar as Defendant does not know what period of the eighteen months when Mr. Pangelinan was on Saipan after his discharge was spent for recuperation; however, Defendant admits the remaining allegations in paragraph 8.

9. Defendant admits the allegations in paragraph 9.

10. Paragraph 10 does not aver fact, but states a legal conclusion or contention, and to the extent a response is required Defendant denies that it was required to promote Plaintiff into a position which required any discretion or promote Plaintiff on any other basis than time in service (including military service). In addition, Defendant denies that it was required to put Plaintiff into any position for which Plaintiff was not qualified to perform.

11. Defendant denies the allegations in paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 12. Defendant admits that at some point Mr. Pangelinan did retain counsel but is unsure as to exactly when that was.

13. Defendant admits the allegations in paragraph 13.

14. Defendant denies the allegation in paragraph 14 because it involves attorney communications and compromise discussions and is not admissible or appropriate.

15. Defendant denies the allegation in paragraph 15 because it involves attorney communications and compromise discussions and is not admissible or appropriate.

16. Defendant admits the allegations in paragraph 16, insofar as there is no representation of when Mr. Pangelinan left for the United States mainland.

17. Defendant denies the allegations in paragraph 17.

18. Defendant maintains the same answers for paragraphs 1-17.

19. Defendant denies the allegations in paragraph 19.

20. Paragraph 20 does not aver fact, but states a legal conclusion or contention, and to the extent a response is required Defendant admits the allegations in paragraph 20.

21. Defendant admits the allegations in paragraph 21.

22. Defendant admits the allegation insofar as Defendant hired Plaintiff into the highest position for which he was qualified to perform with all of the salary and seniority increases to which he was entitled.

23. Defendant denies the allegations in paragraph 23.

24. Paragraph 24 does not require a response.

25. Paragraph 25 does not require a response.

## B. AFFIRMATIVE DEFENSES

26. Plaintiff's claims are moot insofar as he was re-employed and then voluntarily left his re-employment.

27. Plaintiff did not mitigate his damages in that he failed to gain the experience he would have needed to achieve a higher position by voluntarily leaving after his re-employment and he did not give his employer a chance to make reasonable efforts to qualify him for a higher position.

28. Plaintiff waived his claim in that he failed to gain the experience he would have needed to achieve a higher position by voluntarily leaving after his re-employment.

29. Plaintiff has no cause of action under USERRA if Plaintiff failed to apply for re-employment more than ninety (90) days after recuperation was completed.

## C. PRAYER

30. For these reasons, Defendant asks the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant all other relief the court deems appropriate.

///

Dated this __7__ day of May, 2008.

                                                              EDWARD MANIBUSAN
                                                              Attorney for Defendant