Thomas E. Clifford
Attorney at Law
2nd Floor, Alexander Building, San Jose
P.O. Box 506514
Saipan, MP 96950
Tel. (670)235-8846
Fax (670)235-8848

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DUSTIN M. PANGELINAN,<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH UTILITIES CORPORATION,<br><br>Defendant. | Civil Action No. 08-0021<br><br>PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT<br><br><u>Case Management Conference:</u><br>Date: June 4, 2008<br>Time: 9:00 a.m. |

Plaintiff Dustin M. Pangelinan ("Mr. Pangelinan") states as follows pursuant to Federal Rule of Civil Procedure 16 and LR 16.2CJ.e.2:

a. <u>Service of process on parties not yet served</u>. Service of process is complete.

b. <u>Jurisdiction and venue</u>. Mr. Pangelinan maintains that this court has jurisdiction over this case, while Defendant Commonwealth Utilities Corporation ("CUC") denies that this court has jurisdiction. CUC concedes that the 11th Amendment is inapplicable, but CUC relies on 38 U.S.C. § 4323(b) and *Velasquez v. Frapwell*, 165 F.3d 593 (7th Cir. 1999), for the proposition that the CNMI Superior Court has exclusive jurisdiction over the claim because Defendant is a "state" employer. Mr. Pangelinan has not yet had time to review the legislative

history relating to the amendment discussed in *Frapwell*, but Mr. Pangelinan notes that 38 U.S.C § 4323(b)(2) merely provides that the action "may" be brought in state court, not that the state court would have exclusive jurisdiction over the claim. Hence, the parties would need to further consider whether *Frapwell* was correctly decided, generally, and in particular, whether that analysis would apply in the same manner to the Commonwealth of the Northern Mariana Islands. However, as discussed below, if this matter can be settled, then it may be in both parties' interests not to pursue this issue at this time.

c. <u>Track assignment</u>. Mr. Pangelinan believes the Expedited Track is appropriate.

d. <u>Anticipated motions</u>. None anticipated.

e. <u>Anticipated or remaining discovery, including limitations on discovery</u>. Discovery has not yet been conducted, and it is anticipated that only limited discovery will be necessary (from Mr. Pangelinan's perspective, primarily to obtain documents from CUC regarding the promotions and pay increases of similarly situated employees).

f. <u>Further proceedings and scheduling of dates</u>. It is anticipated the parties will agree on scheduling dates at the case management conference.

g. <u>Appropriateness of special procedures</u>. Not applicable.

h. <u>Modification of standard pre-trial procedures</u>. The standard pre-trial procedures under the Local Rules are appropriate in this case.

i. <u>Settlement prospects</u>. Counsel for the parties have been conferring and Mr. Pangelinan is once again optimistic this matter can be resolved through

settlement. (Additionally, as noted generally in the Complaint, Mr. Pangelinan filed this case only because previously promising settlement discussions ended in seven months of silence from CUC. If this Court agrees that it lacks jurisdiction then Mr. Pangelinan can certainly dismiss the case and re-file in the CNMI Superior Court, but such a step would be needlessly expensive to the non-prevailing party if in fact the matter is resolved by agreement within the next several weeks.)

j. <u>Any other matter conducive to the just, efficient resolution of the case.</u> Not applicable.

Respectfully submitted this 3rd day of June, 2008.

_____
Thomas E. Clifford
Attorney for Plaintiff